# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1099

**CITY OF JENNINGS**

**VERSUS**

**MARY LOU DOUCET**

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 01-01506
CHARLOTTE A. L. BUSHNELL, WORKERS COMPENSATION JUDGE

**********
### ELIZABETH A. PICKETT
### JUDGE

**********

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett, and Arthur J. Planchard,[*] Judges.

**AFFIRMED AS AMENDED**.

**Michael Benny Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Defendant Appellant:**
**Mary Lou Doucet**

**Lisa Eve Mayer**
**Borne, Wilkes & Brady, LLP**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Plaintiff Appellee:**
**City of Jennings**

---

[*]Judge Arthur J. Planchard, Retired participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**Pickett, Judge.**

**FACTS**

Mary Lou Doucet was injured in December 1993 or January 1994 while in the course and scope of her employment as a police officer for the City of Jennings.

The current dispute arose when the City filed a disputed claim for compensation alleging that Doucet had failed to cooperate with court ordered vocational rehabilitation. The WCJ appointed Thomas Bott to work with Doucet on August 20, 1998. Bott had two meetings with Doucet. Thereafter, he never met with Doucet again but did meet with her treating physician, Dr. Olga Reaville. Bott attempted to have Doucet complete a functional capacity evaluation (FCE) which was prescribed by Dr. Bramlett, the claimant's treating psychiatrist. The FCE was scheduled on three separate occasions but was never performed because, upon advice of counsel, Doucet refused to submit to an FCE unless it was performed at her choice of facilities. In November, 2001, Dr. Bramlett determined he could outline Doucet's capabilities without the FCE.

Using the guidelines outlined by Dr. Bramlett, Bott attempted to find suitable employment for Doucet in the Lake Charles area. On February 27, 2002, he presented the job descriptions to Dr. Bramlett who approved some of the jobs and rejected others. At this time, however, Doucet was hospitalized because she had attempted suicide and was unable to work.

On March 21, 2002, Bott sent a letter to Doucet with a list of the jobs and their descriptions, instructions on how to proceed, and an offer to help her locate a suitable job. On March 27, 2002, Bott again met with Dr. Bramlett with a different set of jobs that were then available. Dr. Bramlett approved one, rejected three, and required additional information on two others. Dr. Reaville disapproved all of the jobs

1

presented with the exception of one, which had been rejected by Dr. Bramlett. Bott later discovered the claimant had actually applied for three of the positions but moved to Washington before knowing whether she would be hired.

After a trial on the merits, the worker's compensation judge (WCJ) determined the issue regarding the failure to cooperate with the vocational rehabilitation counselor was moot. Further, she found Doucet capable of working 20 hours a week at minimum wage and reduced her benefits accordingly. This appeal followed.

## ASSIGMENTS OF ERROR

Mary Lou Doucet appeals, alleging one assignment of error:

1) The hearing officer erred in reducing Ms. Doucet's weekly compensation benefits.

Answering the appeal, the City of Jennings alleges four assignments of error:

1) That the trial court failed to reduce plaintiff's benefits by 50% for failing to cooperate with vocational rehabilitation efforts.

2) That the trial court failed to find that the claimant was capable of working at least thirty hours per week.

3) That the trial court failed to state the dollar amount of wages the claimant was capable of earning.

4) That the trial court was incorrect in assessing the costs to be paid by employer/appellee, the City of Jeannings.

## DISCUSSION

We will first address the City's first assignment of error wherein they argue the WCJ erred by not reducing the claimant's benefits by 50% for her failure to cooperate with the vocational rehabilitation efforts.

Louisiana Revised Statute 23:1226(E) states in pertinent part (emphasis added):

> Refusal to accept rehabilitation *as deemed necessary by the workers' compensation judge* shall result in a fifty percent reduction in weekly compensation, including supplemental

2

earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal.

This statute is penal in nature and penal statutes are strictly construed. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03), 836 So.2d 14.

The basis of this complaint is Doucet's refusal to submit to an FCE. She refused on the advise of her attorney, claiming she had the right to choose the facility which would perform the FCE.

Following the trial the WCJ found the following facts: 1) The claimant had been previously ordered to comply with vocational rehabilitation counseling with Thomas Bott; 2) the claimant's treating psychiatrist, Dr. Bramlett, issued a prescription for the FCE which was set up to be performed at the Fontana Center; 3) The FCE was never performed as the claimant did not attend. The WCJ further found, and concluded, that Dr. Bramlett was able to issue work restrictions without the FCE and, therefore, the FCE was not needed.

Louisiana Revised Statute 23:1226(E) only provides penalties for refusing to accept rehabilitation "as deemed necessary by the workers' compensation judge." Since the WCJ concluded the FCE was not "necessary," she declined to impose the penalty. We find no error in her conclusion on her denial of the employer's request for imposition of the penalty provided in 23:1226(E). This assignment of error is without merit.

Doucet's assignment of error and the City's second and third assignments of error will be discussed together as they are interrelated.

Doucet argues the WCJ erred in finding she was capable of returning to work part time and reducing her benefits accordingly. The City argues, to the contrary, that the WCJ erred by not finding the claimant capable of working thirty hours a week, and

3

at a rate higher than minimum wage. These issues involve factual findings subject to reversal only if we find the WCJ was clearly wrong or manifestly erroneous. *Smith v. La. Dept. of Corrections*, 93-1305 (La. 2/28/94), 633 So.2d 129.

> [A]n employer may discharge its burden of proving job availability by establishing, at a minimum, the following, by competent evidence:
>
> > (1) the existence of a suitable job within claimant's physical capabilities and within claimant's or the employer's community or reasonable geographic region:
>
> > (2) the amount of wages that an employee with claimant's experience and training can be expected to earn in that job; and
>
> > (3) an actual position available for that particular job at the time that the claimant received notification of the job's existence.
>
> By "suitable job," we mean a job that claimant is not only physically capable of performing, but one that also falls within the limits of claimant's age, experience, and education, unless, of course, the employer or potential employer is willing to provide any additional necessary training or education.

*Banks v. Indus. Roofing and Sheet Metal Works, Inc.*, 96-2840, p.10-11 (La. 7/1/97), 696 So.2d 551, 557.

There is ample evidence that while not all of the jobs found by Bott were suitable for Doucet, some of them were. Doucet argues that none of the jobs were approved by all of her physicians. Physician approval, however, is not required for the employer to meet its burden under *Banks*. *Wiley v. Grand Casino Avoyelles*, 98-1468 (La.App. 3 Cir. 4/21/99) 731 So.2d 518, *writ denied*, 00-2032 (La. 11/5/99), 750 So.2d 180. We note Dr. Reaville objected to some of the positions because they were too low-paying. Further supporting the WCJ's determination is the fact that Doucet

4

was able to attend classes at McNeese, which supported the conclusion she was capable of some activity. This assignment of error lacks merit.

The finding that Doucet was only capable of working twenty hours per week is also supported by the record. Dr. Bramlett suggested she start working only twenty hours but left open the possibility she might be capable of more. Considering the extent of Doucet's injuries and the pain caused by them, the medication she had to take, and her fragile mental state, twenty hours per week is reasonable. This finding by the WCJ will not be disturbed.

We do find, however, the WCJ erred in finding minimum wage should be the basis for the reduction. None of the jobs submitted paid less than $5.50 per hour. Accordingly, the WCJ's judgment is hereby amended to reflect the claimant is capable of working twenty hours per week, at the rate of $5.50 per hour.

The City argues in its fourth assignment of error that they should not have been assessed all of the court costs since they prevailed on the issue pertaining to Doucet's ability to return to work. The City did not prevail, however, on the issue which initiated the complaint, the failure to cooperate with rehabilitation. "The trial court has broad discretion in the determination and awarding of . . . court costs . . ." *Sharbono v. H & S Const. Co.*, 478 So.2d 779, 789 (La.App. 3 Cir. 1985). Given the broad discretion afforded the WCJ, this finding will not be disturbed.

## CONCLUSION

The judgment of the workers' compensation judge is affirmed in all respects except as to the claimant's potential wage which is amended to $5.50 per hour.

**AFFIRMED AS AMENDED**.

5